**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiffs**

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph and Judy Zizlsperger, | ) Case No. |
| | ) |
| Plaintiffs, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Maxwell & Morgan, PC, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, (where Plaintiffs reside in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiffs, Joseph and Judy Zizlsperger ("Plaintiffs"), are natural persons who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Mesa.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Maxwell & Morgan, PC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiffs incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant obtained a judgment against Plaintiffs on December 17, 2009 for the amount of $1,124.73, plus costs and interest.

12. Defendant alleged that Plaintiffs owed amounts resulting from the ownership of real property, to wit: a residential home located at 11111 West Citrus Grove, Avondale, AZ 85392.

13. Specifically, Defendant alleged that Plaintiff owed the amount of $318.73, an amount representing homeowner's association fees due with regard to said residential home.

14. Plaintiffs were divested of ownership of said residential property on March 5, 2004.

15. On March 12, 2010 Defendant filed an Application for Garnishment for $2,192.74 against Plaintiffs in Arizona Justice Court.

16. On April 5, 2010 Plaintiffs requested a formal hearing in objection to the writ of garnishment. A hearing was held regarding Plaintiffs' objections on April 16, 2010 wherein the court reduced the garnishment rate from 25% of Plaintiff's wages to 15%.

17. As of July 16, 2010, Defendant had garnished Plaintiff Joseph Zizlsperger's wages in the amount of $2,192.74. (See Plaintiff's Earnings Statement of July 16, 2010 attached hereto as Exhibit A).

18. Defendant submitted a Report of Judgment Balance on October 13, 2010 in which Defendant misrepresented that only $1,971.90 was garnished from Plaintiffs. (See Report of Judgment Balance attached hereto as Exhibit B)

19.     Defendant further alleged that an additional $1,906.90 of additional court costs and fees as well as $222.16 of additional interest accrued against Plaintiffs between March 15, 2010 and October 13, 2010 for a total amount $2,349.90 to be paid by Plaintiffs.

20.     Specifically, Defendant assessed $960.00 to Plaintiff's alleged debt predicated upon Defendant's attorneys fees resulting from its Defense of Plaintiff's A.R.S. § 12-1598.07(E) objection to the writ of garnishment.  Pursuant to § 12-1598.07(E), Defendant is not entitled to attorney's fees absent a finding that the objection was solely for the purpose of delay or harassment. (See Defendant's History Bill attached hereto as Exhibit C)

21.     The court hearing Plaintiff's objection failed to find that the objection was brought for the purpose of delay or harassment.

22.     Defendant was contacted by Plaintiff's counsel with respect to possible violations of the Fair Debt Collection Practices Act.

23.     Defendant assessed attorney's fees of $1,187.50 related to its own defense of Plaintiffs' claims under the FDCPA to Plaintiffs' account.

24.     On December 7, 2010, Defendant submitted its Motion for Confirmation of Reasonableness of Fees Awarded Pursuant to Judgment in which Defendant claimed that the assessment of attorney's fees for work related to its own defense of Plaintiffs' FDCPA claims was allowed.

25.     Pursuant to 15 U.S.C. § 1692k(a)(3), an FDCPA defendant may be awarded attorney's fees solely upon a finding that the claim was made in bad faith and for the

purpose of harassment, and no such finding was made with regard to Plaintiff's FDCPA claim against Defendant.

26. Despite the Justice Court's Order that the garnishment was reduced to 15% of wages, on or about February 9, 2011, Defendant sent Plaintiff Joseph Zizlsperger's employer an order to garnish 25% of Plaintiff's wages and garnished Plaintiff's wages at said improper rate. (See Garnishment Notification attached hereto as Exhibit D)

27. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I – VIOLATION OF 15 U.S.C. § 1692e(2)(A)

28. Plaintiffs repeat and re-allege each and every allegation contained above.

29. Section 1692e(2)(A) states that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> \*     \*     \*
> (2) The false representation of—
> (A) the character, amount, or legal status of any debt;

15 U.S.C. § 1692e(2)(A).

30. Defendant violated the FDCPA 15 U.S.C. §§ 1692e(2)(A), by falsely representing to Plaintiffs that their alleged debt included attorneys' fees specifically denied Defendant by A.R.S. § 12-1598.07(E), and by representing to Plaintiffs that their alleged debt included attorneys' fees relating to Defendant's own defense of Plaintiff's claims under the FDCPA, as detailed above.

31. Defendant further violated the FDCPA 15 U.S.C. §§ 1692e(2)(A), by falsely representing on October 13, 2010 that only $1.971.90 was garnished from Plaintiffs, when in fact, Defendants had garnished $2,192.74 from Plaintiffs' as of said date.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT II – VIOLATION OF 15 U.S.C. § 1692e(10)**

32. Plaintiffs repeat and re-allege each and every allegation contained above.

33. Section 1692e(10) states that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> \*        \*        \*

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10).

34. Defendant violated the FDCPA (15 U.S.C. §§ 1692e(10), by falsely representing to Plaintiffs that their alleged debt included attorneys' fees specifically denied Defendant by A.R.S. § 12-1598.07(E), and by representing to Plaintiffs that their alleged debt included attorneys' fees relating to Defendant's own defense of Plaintiff's claims under the FDCPA, and by garnishing Plaintiff's wages at a rate above that set by court order, as detailed above.

35. Defendant further violated the FDCPA (15 U.S.C. §§ 1692e(10), by falsely representing on October 13, 2010 that only $1.971.90 was garnished from Plaintiffs, when in fact, Defendants had garnished

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III – VIOLATION OF 15 U.S.C. § 1692f

36. Plaintiffs repeat and re-allege each and every allegation contained above.

37. Section 1692e(10) states that: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

38. Defendant violated 15 U.S.C. § 1692f by falsely representing to Plaintiffs that their alleged debt included attorneys' fees specifically denied Defendant by A.R.S. § 12-1598.07(E), and by representing to Plaintiffs that their alleged debt included attorneys' fees relating to Defendant's own defense of Plaintiff's claims under the FDCPA, and by garnishing Plaintiff's wages at a rate above that set by court order, as detailed above.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT IV – VIOLATION OF 15 U.S.C. § 1692f(1)

39. Plaintiffs repeat and re-allege each and every allegation contained above.

40. Section 1692f(1) states:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1).

41. Defendant violated 15 U.S.C. § 1692f(1) by collecting, or attempting to collect from Plaintiffs attorneys' fees unauthorized by, and specifically denied, Defendant by A.R.S. § 12-1598.07(E), and by collecting, or attempting to collect from Plaintiffs attorneys' fees relating to Defendant's own defense of Plaintiff's claims under the FDCPA, and by garnishing Plaintiff's wages at a rate above that set by court order, as detailed above.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

    a) Adjudging that Defendant violated the FDCPA;

    b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT V - VIOLATION OF 15 U.S.C. § 1692e(4)

42. Plaintiffs repeat and re-allege each and every allegation contained above.

43. Section 1692e(4) states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *   *   *
>
> (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

15 U.S.C. § 1692e(4)

44. Defendant violated the 15 U.S.C. §§ 1692e(4) by garnishing Plaintiff's wages at a rate above that set by court order, as detailed above.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT VI - - VIOLATION OF 15 U.S.C. § 1692e(5)**

45. Plaintiffs repeat and re-allege each and every allegation contained above.

46. Section 1692e(5) states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *       *       *
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

15 U.S.C. § 1692e(5)

47. Defendant violated 15 U.S.C. § 1692e(5) by threatening to garnish Plaintiff's wages at a rate above that set by court order, as detailed above.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiffs are entitled to and hereby demand a trial by jury.

Respectfully submitted this 12th day of July, 2011

By: s/ Armando Nava
Armando Nava (028068)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
anava@AttorneysForConsumers.com
Attorney for Plaintiffs