**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph and Judy Zizlsperger, | No. CV 11-01376-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| Maxwell & Morgan, PC, | |
| Defendant. | |

We have before us defendant's motion to dismiss (doc. 8), plaintiffs' response (doc. 9), defendant's reply (doc. 10), plaintiffs' motion for leave to file sur-reply (doc. 11), and defendant's objection to plaintiffs' motion (doc. 13).

**I**

In 2009, defendant's client, Garden Lakes Community Association, obtained a judgment in state court against plaintiffs for unpaid homeowners' association fees. In 2010, a writ of garnishment was issued and defendant attempted to recover attorneys' fees on behalf of its client. The Superior Court of Arizona in Maricopa County awarded defendant the sum of $7,934.16 for post-judgment attorneys' fees through December 14, 2011 and post-judgment costs (doc. 8, ex. F).

Plaintiffs' complaint alleges six violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. All alleged violations arise from three factual issues: defendant's alleged garnishment of wages above the rate set by court order, alleged

falsification of the amount actually garnished, and attempt to collect attorneys' fees arising from the defense of plaintiffs' threat to bring FDCPA claims in state court. Plaintiffs allege violations of 15 U.S.C. § 1692e(2)(A) based upon fees and garnishment amount; § 1692e(10) based on fees and garnishment amount; § 1692f based on fees and garnishment rate; § 1692f(1) based on fees and garnishment rate; § 1692e(4) based on garnishment rate; and § 1692e(5) based on garnishment rate. Defendant requests dismissal pursuant to Rule 12(b)(6), Fed. R. Civ. P.

**II**

When considering a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., "a court must construe the complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true." Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000). On the other hand, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) (quoting Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944 (1986)). Dismissal under Rule 12(b)(6) may be "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

When considering a Rule 12(b)(6) motion, we generally may not rely on material beyond the complaint. Dunn v. Castro, 621 F.3d 1196, 1205 n.6 (9th Cir. 2010). One exception to this rule is the "incorporation by reference" doctrine, which allows us to consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." Id. (quoting Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (alteration in original). We may also take judicial notice of matters of public record, but may not take judicial notice of a fact within a public record that is subject to reasonable dispute. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

**III**

Plaintiffs allege that defendant violated the FDCPA by requesting attorneys' fees incurred in responding to plaintiffs' threatened FDCPA claims. The FDCPA would only apply if the defendant attempted to collect a debt from plaintiffs. As defined by 15 U.S.C. § 1692a(5), "'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." The attorneys' fees at issue here are not a debt within the meaning of the FDCPA.

The Maricopa County Justice Court, Estrella Mountain Precinct, entered judgment against plaintiffs for "all reasonable costs and attorney fees incurred by [defendant] after entry of this judgment in collecting the amounts listed in this judgment" (doc. 8, ex. G at 2). The Superior Court awarded fees for services rendered in response to the FDCPA allegations after finding they were inextricably intertwined with services rendered in collecting the underlying judgment (doc. 8, ex. F at 3).[1]

The collection of an amount incidental to the principal obligation violates the FDCPA "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). The attorneys' fees sought in state court were authorized by law. A.R.S. § 33-1807(H) provides that a judgment in an action brought by a homeowners' association for assessments shall include costs and reasonable attorney fees. Two state courts have granted attorneys' fees to this defendant. Moreover, a mere request for fees "is just that: a request to a third party–the court–for consideration, not a demand to the debtor himself." Argentieri v. Fisher Landscapes, Inc., 15 F. Supp. 2d 55, 61 (D. Mass. 1998). Therefore, because the requested fees were authorized by law and are not a demand to the debtor, the request for fees did not violate the FDCPA.

Since the FDCPA does not provide plaintiffs with a cause of action for the attorneys'

---

[1] We may consider these documents as they are both incorporated by reference and matters of public record. Plaintiffs reference the judgments in their complaint (doc. 1 at 3-5) and repeatedly cite to them in their response (doc. 9 at 8-11).

fees request, this issue cannot support any of plaintiffs' claims. The remaining issues–garnishment at a higher-than-authorized rate and misrepresentation of the amount garnished–both relate to the post-judgment collection of attorneys' fees. As outlined above, defendant is not collecting a debt by requesting attorneys' fees. It follows that there can be no violation of the FDCPA for issues related to the collection of these fees.

**IT IS HEREBY ORDERED DENYING** plaintiffs' motion for leave to file a sur-reply because LRCiv 7.2 does not authorize a response to a reply (doc. 11).

**IT IS FURTHER ORDERED GRANTING** defendant's motion to dismiss pursuant to Rule 12(b)(6) (doc. 8).

DATED this 20th day of October, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge