**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Joseph and Judy Zizlsperger, | ) | No. CV 11-01376-PHX-FJM |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| Maxwell & Morgan, PC, | ) | |
| Defendant. | ) | |

We have before us defendant's motion for sanctions (doc. 14), plaintiffs' response (doc. 17), defendant's reply (doc. 18), and defendant's notice of errata (doc. 21). Defendant requests sanctions pursuant to Rule 11(c), Fed. R. Civ. P., alleging that plaintiffs raised factual allegations in their complaint which they knew to be false.

Rule 11 sanctions are to be reserved for "rare and exceptional" cases. Operating Engineers Pension Trust v. A-C Co., 859 F.2d 1336, 1344 (9th Cir. 1988). This case does not present the facts necessary for us to exercise the "extraordinary remedy" of Rule 11. Id. at 1345. For instance, a failure to plead sufficient facts is not a basis for sanctions under Rule 11. Here, no facts were found supporting plaintiffs' contentions that defendant sent an order to Mr. Zizlsperger's employer to garnish an improper amount of his wages. It is possible that plaintiffs' counsel believed such facts could have been found, however. Cf. Truesdell v. Southern Cal. Permanente Med. Group, 293 F.3d 1146, 1153-54 (9th Cir. 2002) (finding plaintiff's counsel must have known allegations were false and sanctions were warranted).

Defendant requested sufficient monetary sanctions "to deter similar conduct in the future, and to compensate Defendant for the fees, costs and resources it has been forced to incur in filing this Motion and responding to the baseless Complaint." (Doc. 14 at 6). Defendant previously filed a motion for attorneys' fees, seeking $17,677.50 (doc. 19). No memorandum in support was ever filed, though, and the motion did not include any breakdown of the fees. We have no way of knowing how much defendant incurred in filing the motion for sanctions and responding to the complaint, as compared to other tasks such as filing the motion for attorneys' fees.

**IT IS ORDERED DENYING** defendant's motion for sanctions (doc. 14).

DATED this 17th day of January, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge